UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TANGELA ROCHELL RUTHERFORD,       )
                                  )
          Plaintiff               )
                                  )        No. 3:14-1571
v.                                )        Judge Campbell/Brown
                                  )
CAROLYN W. COLVIN, ACTING         )
COMMISSIONER OF SOCIAL            )
SECURITY ADMINISTRATION,          )
                                  )
          Defendant               )

**TO:  THE HONORABLE TODD J. CAMPBELL**

## REPORT AND RECOMMENDATION

     For the reasons stated below, the Magistrate Judge recommends that the Plaintiff's first motion for attorneys' fees (Docket Entry 15) be granted and the Plaintiff be awarded the sum of $2,302.99 under the Equal Access to Justice Act (EAJA).

### DISCUSSION

     The Plaintiff filed her complaint against the Social Security Administration (SSA) on July 31, 2014 (Docket Entry 1) and was allowed to proceed *in forma pauperis* (Docket Entry 2). Following the filing of the administrative record (Docket Entry 10) on October 10, 2014, the Government filed a motion to remand the matter to the SSA under sentence 4 of 32 U.S.C. § 405(g), and to enter judgment reversing and remanding the case to the Commissioner for further action. The Commissioner's motion was granted by the District Judge and the matter was remanded to the SSA for further proceedings (Docket Entry 14) on October 29, 2014.

The Plaintiff then filed her first motion for attorneys' fees under the EAJA on November 17, 2014 (Docket Entry 15). This motion was referred to the undersigned for a report and recommendation (Docket Entry 16).

The SSA has responded (Docket Entry 17), advising that they have no opposition to the motion or to the amount requested under the EAJA.

## LEGAL DISCUSSION

The Magistrate Judge has reviewed the documentation submitted by Plaintiff's counsel and has found that the hourly rate and number of hours are reasonable and, therefore, the requested amount of $2,302.99 is appropriate in this matter. The Defendant does not object to that amount. They do point out, however, that under the Supreme Court case of *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to the Plaintiff as litigant and the payment may be subject to an offset to satisfy any pre-existing debt that the litigant owes the United States.

The Defendant should send a payment of $2,302.99 to the Plaintiff, less any offset amounts owed to the United States. The check should be sent in care of Plaintiff's attorney, as it appears that the Plaintiff has agreed that the attorneys' fees awarded under EAJA will end up being paid by the Plaintiff to her attorney.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the Defendant be ordered to pay to the Plaintiff

the amount of $2,302.99, less any pre-existing debts that the litigant owes to the United States and that the check be payable to the Plaintiff, and sent to her in care of her attorney.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 25th day of November, 2014.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge